# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

MICHAEL LAVERN BOYD,
ADC #115890                                                             PLAINTIFF

V.                          2:17CV00004 BSM/JTR

GREG RECHCIGL, AHSA
East Arkansas Regional Unit, et. al                                     DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff Michael Lavern Boyd ("Boyd") is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). He has filed this *pro se* § 1983 action alleging that Defendants Greg Rechcigl, Nurse Amanda Sackett, and Kenneth Holder ("Defendants") failed to provide him with constitutionally adequate medical care for bloody stools and abdominal pain. *Docs. 2 & 6.*

Defendants have filed a Motion for Summary Judgment arguing that this case should be dismissed, without prejudice, because Boyd failed to exhaust his administrative remedies as to the inadequate medical care he has raised against them. *Docs. 34, 35, & 36.* Boyd has filed a Response. *Doc. 39.* Thus, the issues are properly joined and ready for disposition.[1]

## II. Discussion

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must *fully and properly* comply with the specific exhaustion requirements of the incarcerating facility.

3

To fully and properly exhaust administrative remedies about a medical issue, an ADC prisoner must file: (1) an informal resolution with the medical staff; (2) a grievance with the Health Services Administrator; and (3) an appeal to the ADC Deputy Director for Health and Correctional Programs. *Doc. 36, Ex. 1* (ADC Admin. Dir. 14-16 § IV (E) through (G)). The ADC's exhaustion policy requires that, in connection with each claim, an inmate must "specifically name each individual involved," and those instructions are repeated on the grievance forms themselves. *Id.* (§ IV (C)(4)). Finally, the ADC's exhaustion policy cautions prisoners that: "Inmates must fully exhaust the grievance process prior to filing a lawsuit" and that their lawsuits may be dismissed for failing to properly exhaust their administrative remedies. *Id.*

In November of 2016, Boyd filed grievance EA 16-1463 alleging that he was not receiving proper medical care for abdominal pain and bloody stools. *Doc. 2 at 8-9.* Boyd appealed the denial of that grievance. *Id.* However, ADC officials rejected his appeal, *without ruling on the merits*, because Boyd did not include two of the necessary attachments. *Id.* Thus, EA 16-1463 is not proper exhaustion as to the inadequate medical care claims Boyd is raising against the Defendants in this lawsuit. *See, e.g., King v. Iowa Dept. of Corr.*, 598 F.3d 1051, 1052-53 (8th Cir. 2010) (finding improper exhaustion when a prisoner failed to properly appeal a

4

grievance); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014) (explaining that a prisoner must pursue "the prison grievance process to its final stage").

Boyd also alleges he exhausted the inadequate medical care claims he is pursing against the Defendants in EA 17-316. *Doc. 39.* However, Boyd filed EA 17-316 on March 27, 2017, which was two months *after* he commenced this lawsuit on January 10, 2017. *Doc. 36, Ex. A at 21*. As previously mentioned, a prisoner must fully and properly completed all stages of the prison's exhaustion process *before* he commences a lawsuit in federal court. *Johnson,* 340 F.3d at 627 (explaining that, under the PLRA, "an inmate must exhaust administrative remedies before filing suit in federal court" and that if "exhaustion was not completed at the time of filing, dismissal is mandatory").

Because Boyd did not properly exhaust his administrative remedies before filing this lawsuit, Defendants are entitled to summary judgment and Boyd's inadequate medical care claims against them should be dismissed, without prejudice. *See Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment *(Doc. 34)* be GRANTED,

5

and this case be DISMISSED, WITHOUT PREJUDICE.

2.  Boyd's Motion for a Preliminary Injunction *(Doc. 32)* be DENIED, AS MOOT.[2]

Dated this 27th day of June, 2017.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In his Motion for a Preliminary Injunction, Boyd alleged that he was not receiving mesalamine, which is a medicine that a prison doctor prescribed for treatment of his abdominal issues. *Doc. 32*. On the same day that Boyd filed his Motion for a Preliminary Injunction, prison officials renewed his prescription for mesalamine. *Doc. 37*.